THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. BENJAMIN KOPPER, Appellant.

(Argued January 13, 1930; decided February 11, 1930.)

*Arthur Rowland* and *Gerald Nolan* for appellant. The machine *per se* is not a " slot machine " as defined by section 982 of the Penal Law and does not violate the statute. (*People* v. *Spitzig,* 133 Misc. Rep. 508; *Byk* v. *Enright,* 240 N. Y. 699; *Lyman* v. *Kurtz,* 166 N. Y. 274.) Section 982 of the Penal Law must be construed in accordance with its clear meaning, so that all who read it may know what act is forbidden. (*People* v. *Stoll,* 242 N. Y. 453; *People* v. *Rosenberg,* 138 N. Y. 415; *Sherwin* v. *People,* 100 N. Y. 351; *People* v. *Fleischmann,* 133 Misc. Rep. 288; *People* v. *Phyfe,* 136 N. Y. 554; *Burks* v. *Bosso,* 180 N. Y. 340.)

*Frank H. Coyne, District Attorney (J. Lester Albertson* of counsel), for respondent. The machine is a slot machine as defined by section 982 of the Penal Law.

(*Byk* v. *Enright*, 240 N. Y. 699; *People* v. *Abeel*, 182 N. Y. 415; *People* v. *Hamilton*, 183 App. Div. 55; *People ex rel. Murray* v. *Becker*, 78 Misc. Rep. 666; *Green* v. *Enright*, 208 App. Div. 819; *Matter of Cullinan*, 114 App. Div. 654; *People* v. *Spitzig*, 133 Misc. Rep. 508; *Pure Mint Co.* v. *LaBarre*, 96 N. J. Eq. 186; *Territory* v. *Jones*, 14 N. M. 579; *State* v. *Woodman*, 26 Mont. 348; *Ferguson* v. *State*, 178 Ind. 568; *People ex rel. Verchereau* v. *Jenkins*, 153 App. Div. 512; *Dryer & Co.* v. *City of Seattle*, 116 Wash. 449.)

*Per Curiam.* To the uninitiated, the words upon the metal disks which issued from the machine might negative any possible inference that they were " checks or memoranda calling for money." Custom, notice or previous agreement might furnish to the initiated a key which would enable them to find in the disks the significance which was locked behind the words. The record permits the inference that to the defendant who possessed the machine and to those who might be invited or permitted to use the machine, the disks were in fact checks or memoranda calling for money. We are not now passing upon a case where there is no extrinsic proof that the metal disks which may issue from the machine are understood by both the possessor of the machine and by those who may use it to call for money in exchange for the disks. At least where that proof is supplied, possession of the machine constitutes an offense under section 982 of the Penal Law.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.